**HOLLAND et v GRAFTON (village)**

Ohio Appeals, 9th Dist, Lorain Co

No 817. Decided May 26, 1937

The petition of the plaintiffs filed in the Common Pleas Court alleged that the plaintiffs Holland and Vandemark were attorneys at law, and that plaintiff Robinson was an electrical engineer; that on the 16th day of April, 1935, the defendant municipal corporation by a duly enacted ordinance of said village, employed plaintiffs as attorneys and as engineer to represent said village in a certain controversy with the Reserve Power & Light Co.; that said controversy involved two questions: one having to do with certain overcharges which the village of Grafton claimed said power company had made in furnishing power to said village for distribution by the village through the medium of its own distribution plant, and the other with the negotiation of a new contract for thereafter furnishing power at wholesale to said village.

Said ordinance further provided that, for their compensation for services thereafter to be rendered, said plaintiffs were to receive 50% of the amount of such overcharge, refunded or agreed to be refunded, and in addition thereto 50% of the amount of savings resulting from any reduction in the then-existing power rate paid by said village to said power company, which 50% was to be calculated upon the amount of electrical energy purchased by said village from said company during the year 1932.

It was further alleged by said plaintiffs that in pursuance of said employment they entered into negotiations with said power company and accomplished a refund of $2,000 for overcharges made by said power company to said village, and further effected in the new contract a saving which, upon the basis of the energy used by said village during the year 1932, over a 5-year period, would amount to $9,474.24; and plaintiffs claimed that by reason of said services they were entitled to be paid by said village the sum of $5737.12, together with interest thereon.

To that petition the village filed an answer, wherein, after making certain formal admissions, including the due enactment of the ordinance employing the plaintiffs, said defendant denied the employment of plaintiffs by the defendant, that they secured any refund from said power company, or that they procured any reduction in the rates charged said village by the Reserve Power & Light Co.

For a second defense, said village alleged that, at the time said alleged contract of employment was entered into, no cer-

Herschel G. Holland, Cleveland, and R. F. Vandemark, Elyria, for appellees.

John K. Nece, Elyria, for appellant.

## OPINION

By STEVENS, PJ.

This cause is before this court upon appeal on questions of law.

tificate of the clerk of the village of Grafton was attached to said contract, certifying that the amount required to meet such alleged contract had been lawfully appropriated for that purpose, or was in the treasury or in the process of collection to the credit of an appropriate fund, and free from incumbrance, as provided in §5625-33(d) GC.

For a third defense said village denied that the new energy contract procured from said utility was the result of the efforts of plaintiffs, and for a fourth defense denied the authority of the village to make or authorize a contract of employment such as the one set forth in the petition of the plaintiffs, for the reason that such a contract is contrary to public policy, and therefore void.

A reply denying all of the allegations of the answer except such as admitted the allegations of the petition of plaintiffs, was duly filed.

The cause came on for hearing in the Court of Common Pleas of Lorain County, was submitted to a jury, which jury returned a verdict for the plaintiffs and against the village for the entire amount prayed for in plaintiffs' petition. It is to reverse the judgment entered upon that verdict that this appeal has been taken.

The first assignment of error urged by appellant is that the petition of the plaintiffs failed to state a cause of action, for the reason that it contained no allegation affirmatively showing compliance with §5625-33, GC, relating to the attaching of a certificate showing that the amount required to meet the disbursement provided for in said contract had been lawfully appropriated for such purpose and was in the treasury or in the process of collection to the credit of an appropriate fund, free from any previous incumbrance, and that therefore said petition shows upon its face that the contract furnishing the basis for plaintiffs' action was a void contract.

An examination of the cases decided by the Supreme Court of Ohio impels this court to the conclusion that §5625-33, GC, has application only to disbursements, made by municipalities, of funds arising from a levy on the general tax list. This is evidenced by the case of **Comstock v Inc. Village of Nelsonville, 61 Oh St 288,** and cases cited therein. It may be fairly inferred from the contents of the contract under consideration in the instant case that the payments stipulated to be made to plaintiffs were to be made out of funds arising from the operation of the utility, and such being true, we are of the opinion that §5625-33, GC, has no applicability to such a situation as is presented by the facts in this case, and that therefore the petition of the plaintiffs did state a good cause of action and the trial court did not err in overruling the demurrer to the petition which defendant filed, or in overruling the defendant's objection to the introduction of any evidence under the petition.

From our reading of the bill of exceptions herein, we are unable to conclude that the trial court erred to the prejudice of the defendant in the admission or exclusion of evidence.

Upon the question as to whether or not the plaintiffs did procure a refund from the power company, the evidence as disclosed by the record was in dispute, and we are unable to say that the finding of the jury that plaintiffs did procure such refund is manifestly against the weight of the evidence, and the same is true with reference to the jury's finding concerning the procurement, through the activities of plaintiffs, of a reduction in the new contract in the amount to be paid for electrical energy by said village.

Upon the claim of the village that the contract sued upon is void because the same is against public policy, we are unable to agree with such contention. In connection with the conduct of a public utility, the Supreme Court, in the case of **Travelers Insurance Co. v Wadsworth, 109 Oh St 440,** has said:

"2. The power to establish, maintain, and operate a municipal light and power plant, under the Constitution and statutes aforesaid, is a proprietary power, and in the absence of specific prohibition, the city acting in a proprietary capacity may exercise its powers as would an individual or private corporation."

We are of the opinion that said village, in entering into the contract in suit, was exercising its proprietary powers in conformity with constitutional provisions and statutory enactments, and we have been unable to discover any inhibitory legislation precluding said village from so acting, or denying it the right to enter into a contract such as was here executed.

In **Ohio Water Service Co. v City of**

Washington, 131 Oh St 459, the syllabus states the following:

"The provisions of §5625-33(d), GC, requiring as a condition precedent to the execution of a contract by a municipality that there be a certificate of the fiscal officer that funds to meet the same have been appropriated for such purpose and then in the treasury or in process of collection, have no application to public utility rate ordinances and service contracts. (Mutual Electric Co. v Village of Pomeroy, 99 Oh St 75, approved and followed)."

The contract in that case had to do with the furnishing of water by a privately owned utility to the inhabitants of the city of Washington, and the provisions of §5625-33(d), GC, were not complied with. The Supreme Court there expressly said that said section had no application to public utility rate ordinances and service contracts. So far as the question of certificate is concerned, we think the contract in the instant case is governed by the principle applied in the foregoing case to service contracts having to do with public utilities, and we see nothing in connection with said contract which in our opinion militates against established public policy.

We have heretofore stated that in our opinion the instant contract may be fairly construed to provide for payment of the obligation thereby created from the earnings of a publicly operated utility, and in that connection the second paragraph of §5625-36, GC, is of interest:

"The certificate required by §§33 and 34 of this act as to money in the treasury shall not be required for the making of contracts on which payments are to be made from the earnings of a publicly operated water works or public utility, but in the case of any such contract, made without such certification, no payment shall be made on account thereof, and no claim or demand thereon shall be recoverable except out of such earnings."

We are of the opinion that said city was authorized to enter into the contract under consideration by virtue of the grant of authority contained in §4361, GC, to "manage, conduct and control electric light plants"; that §5625-36, GC, authorized it to provide for the payment of the obligation thereby created, from the proceeds arising from the operation of such public utility; that there was no necessity, under the facts presented by this record, for any allegation in the petition, or any proof in the trial of the case, that §5625-33(d) GC had been complied with.

We find no abuse of discretion on the part of the trial court in its refusal to permit the amendment of defendant's answer sought to be made during the progress of the litigation.

It is true, however, that the judgment rendered against the city in this case did not specify that the amount thereof should be paid from the proceeds arising from the operation of the public utility. To that extent the judgment is incomplete; and this court, under its constitutional authority to modify judgments, orders that said judgment be modified by adding at the end thereof the words "payable out of the operation of said public utility."

Finding no other error disclosed by the record, prejudicial to the substantial rights of the defendant, and believing, as we do, that substantial justice will be accomplished in this case by the modification and affirmance of the judgment as aforesaid, the modification as herein set forth, and the affirmance of the judgment as so modified, is hereby ordered.

WASHBURN and DOYLE, JJ, concur in judgment.